...

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY _____ D.C.

05 MAY -6 AM 8:41

ROBERT R. DI TROLIO
CLERK OF U.S. DIST. CT.
W.D. OF TN.-JACKSON

| | |
|---|---|
| Bernadette Cunningham and Rosalind Johnson, Individually, and as Adminstratrix of the Estate of Nekeya Magsby, Deceased,<br><br>    Plaintiffs,<br><br>vs.<br><br>Michelin North America, Inc., Michelin Americas Research & Development Corp.,<br><br>    Defendants. | Civil Action No.  1-04-1144-T/AN |

## CONSENT PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain documents to be produced by the parties in this action:

IT IS HEREBY ORDERED AND AGREED THAT:

This Order shall govern documents and other material or information ("Litigation Materials") produced in discovery, formally or informally, in the course of litigation, including but not limited to documents, things, deposition testimony and answers to interrogatories and requests for admission.

As used in this Order, "Confidential Material" shall refer to any document or other Litigation Material, or any portion thereof, designated as Confidential as well as information contained in or derived from such documents or other Litigation Materials.

Any party (the "Designating Party") may designate materials as Confidential by placing or affixing thereon in such a manner as will not interfere with the reasonable legibility thereof the following, or otherwise appropriate notice: "CONFIDENTIAL".

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on  5/9/05

33

At the discretion of the Designating Party, the notice may appear on every page of Confidential Material or only on the first page of any material the entirety of which is intended to be Confidential, and such notice may appear in the margins or across the body of the page. Confidential Material may but does not have to bear Bates numbers or other identifying marks. Such designation shall constitute a representation by the Designating Party that it has a reasonable basis to believe that the material so designated is indeed appropriate for the protection provided in this Order and that it is entitled to claim such protection for the material.

Confidential Material and any copy thereof and any notes or summaries made thereof shall not be used by any party receiving it, including such party's attorney or other representative including expert witnesses, for any purpose other than the litigation of this action.

Any notes made from Confidential Material shall be marked "Confidential" and shall be governed by the terms of this Order, except the possession thereof during the pendency of this action may be maintained by the person creating the notes.

Confidential Material and notes made therefrom shall be disclosed only to "Qualified Persons," and only to the extent necessary for the litigation of this action. Qualified Persons are limited to:

> Counsel of record for the parties;
> The independent personnel retained by the Counsel of record to furnish technical or other expert services or advice or to give expert testimony who have been identified to Michelin;
> Court reporters and translators and deposition transcript reporters and translators; and
> The Court and its authorized staff.

Prior to the disclosure of Confidential Material to any Qualified Person described in Subparagraphs a-d of Paragraph 6 above, such Qualified Person shall execute a "Written Assurance" in the form of Exhibit "A" attached hereto, which shall forthwith be furnished to Counsel of record for the Designating Party. The attorney disclosing the Confidential Material shall take all necessary steps to ensure that all persons reviewing Confidential Material abide by the terms of this Protective Order.

Should any party desire to disclose Confidential Material to anyone other than a Qualified Party, such party shall provide the Designating Party fourteen (14) days prior written notice of the intent to disclose Confidential Material to such additional person(s), and such notice shall state the name and address of the additional person(s) and the reason(s) review by such additional person(s) is desired. If the Designating Party objects in writing to such disclosure within that fourteen (14) day period, then such Confidential Material will not be disclosed unless and until this Court overrules the Designating Party's objection. When Confidential Material is disclosed to additional person(s), such additional person(s) shall execute the aforesaid "Written Assurance"

pursuant to the terms of Paragraph 7 above and shall abide by the terms of this Protective Order.

If Confidential Material is utilized or referred to during depositions, any party may request that only Qualified Persons, the deponent and the reporter shall be present. A party shall, either at the deposition itself, or within ten (10) days after actual receipt of the transcript thereof, notify all other parties and the deponent on the record or in writing, that information is confidential and shall designate the transcript or portions thereof for which such claim is made. The transcript or portions thereof including exhibits, for which confidentiality is claimed, shall be bound separately under seal and prominently marked "Confidential Material, Subject to Protective Order entered by the United States District Court, Western District of Tennessee, Eastern Division." Any and all computer readable versions of the depositions or portions thereof shall also be so marked. If notification of confidentiality is made other than at the deposition itself, the Court Reporter shall, upon request, provide any party with a list of persons to whom the transcripts and/or exhibits have already been sent, and all parties shall cooperate in ensuring that all originals or copies of such transcripts or exhibits, including those in computer-readable form, are appropriately marked and separately bound. The Court Reporter shall be advised to limit the distribution of confidential portion(s) of the transcripts and exhibits to specified counsel and to the deponent or his or her attorney. The deponent shall be instructed in advance that he or she may not disclose Confidential Material or the information contained therein except as provided herein and shall sign a Written Assurance to that effect.

Confidential Material may be referred to or incorporated in briefs, affidavits, or other documents filed with this Court, but only to the extent reasonably necessary for the litigation of this Action and provided that such documents shall be filed with the Clerk of Court under seal and prominently marked "Confidential Material, Subject to Protective Order entered by the United States District Court, Western District of Tennessee, Eastern Division."

This Protective order shall survive the termination of this action. All Confidential Material and any notes made therefrom or referenced thereto shall retain that designation and shall remain subject to this Protective Order even after the termination of this litigation.

Upon final termination of this action, all Confidential Material, including each copy thereof, and each document and copy thereof that incorporates or references, in whole or in part, any Confidential Material or information contained therein, shall be sent to the Designating Party accompanied by affidavits of counsel and of all persons to whom Confidential Material has been disclosed that affiant at all times has abided by the terms of this Protective Order, that all Confidential Material and all documents referencing, in whole or in part, any Confidential Material or information contained therein, in the affiant's custody or control and all notes or documents listing the information contained in the Confidential Material that affiant disclosed to Qualified Persons or to others have been retrieved and returned to the Designating Party. To the extent that a document filed with the Court contains Confidential

<u>MATERIAL, THE COURT HEREBY AUTHORIZES AND DIRECTS THE CLERK TO RELEASE SUCH DOCUMENT TO THE DESIGNATING PARTY UPON FINAL TERMINATION OF THIS ACTION.</u>

**AND IT IS SO ORDERED.**

*/s/ James D. Todd*
United States District Court Judge

5 May 2005
Date

WE CONSENT:

ROSENBLUM & REISMAN, PC

By: */s/ Jeffrey S. Rosenblum* by David Chargois w/ permission
Jeffrey S. Rosenblum
80 Monroe Avenue, #950
Memphis, TN 38103

GARY EUBANKS & ASSOCIATES

By: */s/ T. Michael Lee*
T. Michael Lee
708 West Second Street
Little Rock, Arkansas 72201

Attorneys for Bernadette Cunningham and Rosalind Johnson, Individually, and as Adminstratrix of the Estate of Nekeya Magsby, Deceased

MORRIS, MANNING & MARTIN, LLP

By: */s/ Elizabeth C. Helm* by David w/ permission
Elizabeth C. Helm
Robert P. Albert
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326-1044

ARMSTRONG ALLEN, PLLC

By: *Robert V. Redding* by *[signature] w/ permission*
Robert V. Redding
Jonathan O. Steen
464 North Parkway, Suite A
Jackson, TN 38305

Attorneys for Michelin Americas Research Corporation

LEWIS, KING, KRIEG & WALDROP, P.C.

By: *John R. Tarpley* by *[signature] w/ permission*
John R. Tarpley, No. 9661
SunTrust Bank Building
201 Fourth Avenue North, Suite 1500
P.O. Box 198615
Nashville, TN 37219
(615) 259-1366

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *A. M. Quattlebaum, Jr.* by *[signature] w/ permission*
A. M. Quattlebaum, Jr.
Federal Bar No. 5052
104 South Main Street, Suite 900
Post Office Box 10084 (29603-0084)
Greenville, SC 29601
(864) 250-2300

Attorneys for Michelin North America, Inc.

# EXHIBIT A

I, _____, hereby attest to my understanding that Confidential Material or documents is being provided to me pursuant to the terms and conditions and restrictions of the Protective Order of _____, 2005 (the "ORDER"); that I have been given a copy of and have read the ORDER and have had its meaning and effect explained to me by the designated attorney for the Plaintiffs or attorney for the Defendant; and that I hereby agree to be bound by it and its terms. I further agree that I shall not disclose to others, except in accordance with the ORDER, any Confidential Material, including notes or other memorandum or writings regarding information contained in them, that such information or documents shall be used only for the purposes of litigating and/or investigating this action. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of that ORDER, I may be subject to the same sanctions, including sanctions by way of contempt of Court, imposed by the Court for such failure. Further, I agree to subject myself to the jurisdiction of the Court issuing the Order, in and for any contempt proceedings or other appropriate sanctions as the Court may deem proper for violation of the ORDER.

_____
Signed

_____
Printed

Subscribed and sworn to before
me this _____ day of _____, 2005

_____
Notary Public, State of _____

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 33 in case 1:04-CV-01144 was distributed by fax, mail, or direct printing on May 9, 2005 to the parties listed.

---

David L. Bearman
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Robert P. Alpert
MORRIS MANNING & MARTIN
3343 Peachtree Rd., NE
Atlanta, GA 30326--104

Jonathan O. Steen
ARMSTRONG ALLEN, PLLC
464 North Parkway
Ste. A
Jackson, TN 38305

Susan J. Warren
MORRIS MANNING & MARTIN
3343 Peachtree Rd., NE
Atlanta, GA 30326--104

Robert Redding
ARMSTRONG ALLEN, PLLC
464 North Parkway
Ste. A
Jackson, TN 38305

Andrea Laginess Moody
BOWMAN & BROOKE
50 West Big Beaver Rd.
Troy, MI 48084--529

Russell Marlin
EUBANKS & ASSOCIATES
708 W. Second St.
Little Rock, AR 72201

T. Michael Lee
EUBANKS & ASSOCIATES
708 W. Second St.
Little Rock, AR 72201

A. M. Quattlebaum
NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
104 South Main St., Ste. 900
P.O. Box 10084
Greenville, SC 29601

John R. Tarpley
LEWIS KING KRIEG & WALDROP, PC
201 4th Avenue North
Ste. 1500
Nashville, TN 37219

Joe S. Moore
Circuit Court Clerk
Haywood County Cthse.
Brownsville, TN 38012

Gary Holt
EUBANKS & ASSOCIATES
708 W. Second St.
Little Rock, AR 72201

Fred J. Fresard
BOWMAN & BROOKE
50 West Big Beaver Rd.
Troy, MI 48084--529

Elizabeth C. Helm
MORRIS MANNING & MARTIN
3343 Peachtree Rd., NE
Atlanta, GA 30326--104

Jeffrey S. Rosenblum
ROSENBLUM & REISMAN
80 Monroe Ave.
Ste. 950
Memphis, TN 38103

Kirk A. Caraway
ROSENBLUM & REISMAN
80 Monroe Ave.
Ste. 950
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT